IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: GERMAN AUTOMOTIVE MANUFACTURERS ANTITRUST LITIGATION<br><br>This document relates to:<br>Dkt. No. 434 | Case No.  3:17-md-02796-CRB<br><br>**ORDER DENYING MOTION TO LIFT STAY AND INITIATE LIMITED DISCOVERY** |

Auto dealer plaintiffs ("DPPs") have filed a motion requesting that this Court lift the current discovery stay and allow them to conduct limited discovery prior to filing their Second Amended Complaints ("SACs").  Consumer plaintiffs ("IPPs") do not oppose the request.  This Court previously granted motions to dismiss IPPs' and DPPs' initial Consolidated Class Action Complaints ("Complaints") and First Amended Complaints.  Plaintiffs argue this Court has discretion to allow discovery relevant to those previously dismissed complaints and before resolving any future motions to dismiss.  Defendants—Audi AG, BMW AG, Daimler AG, Porsche AG, and Volkswagen AG—oppose the motion and argue any discovery at this stage is contrary to binding precedent.  This Court finds it does not have discretion to grant the discovery request.  Therefore, DPPs' motion is DENIED.

## I.     BACKGROUND

On October 24, 2017, this Court issued a stay of all discovery proceedings.  Pretrial Order No. 2 (dkt. 27) at 1–2.  On March 15, 2018, IPPs and DPPs filed their initial Complaints.  IPP Compl. (dkt. 241); DPP Compl. (dkt. 244).  On March 27, 2018, the Parties, including IPPs, DPPs, and Defendants, held a conference as required by Federal Rule of Civil Procedure 26(f), where Plaintiffs expressed their desire to lift the discovery stay for "at least . . . certain limited

discovery." Joint Statement (dkt. 285) at 3. Defendants desired to keep the stay in place until this Court ruled on any motions to dismiss. Id. at 4. On May 3, 2018, this Court ordered the discovery stay to remain in place. Stipulation and Order re Stay of Discovery (dkt. 296) ¶ 8.

On June 17, 2019, this Court granted the Defendants' Motions to Dismiss the Plaintiffs' initial Complaints with leave to amend. Order re MTD I (dkt. 387) at 1. On August 15, 2019, Plaintiffs filed their First Amended Complaints. IPP Amended Compl. (dkt. 391); DPP Amended Compl. (dkt. 392). On March 31, 2020, this Court granted the Defendants' Motions to Dismiss the First Amended Complaints as well, also with leave to amend. Order re MTD II (dkt. 432) at 1.

On May 4, 2020, DPPs moved for a partial lifting of the discovery stay, for limited discovery of certain documents, and for an extension of the deadline to file their SACs. DPP Mot. (dkt. 434) at 3. IPPs do not oppose the motion. IPP Response (dkt. 435) at 1. The Court cancelled the deadline pending resolution of the motion. Order Granting Request (dkt. 436) at 1.

## II.       LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(2)(C)(iii) requires courts to disallow discovery outside the scope of Rule 26(b)(1). The 2015 amendments to Rule 26 eliminated the previous two-tiered approach, which allowed some discovery relevant to the subject matter of the action. Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

## III.      DISCUSSION

As explained below, Supreme Court and Ninth Circuit precedent bar discovery based on previously dismissed claims. This makes the merits of the request irrelevant. Therefore, it is unnecessary to consider DPPs' other arguments in favor of their request, including its scope and burden, DPP Mot. at 5–8; whether it would cure the deficiencies in the previous complaints, DPP Mot. at 5, Opp'n (dkt. 437) at 7–10, DPP Reply (dkt. 441) at 5–6; and any concerns based on international comity, Opp'n at 10–11, DPP Reply at 6–9. It is also unnecessary to address this Court's discretion to grant discovery once a complaint has been filed but before any motions to dismiss have been decided, DPP Mot. at 6, DPP Reply at 3–4.

United States District Court
Northern District of California

1    The 2015 amendments to Rule 26(b) "anchored" discovery to "any party's claim or

2    defense." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.  DPPs assert their

3    request is relevant to "(a) DPPs' steel-buying-based claim and (b) issues that the Court raised in its

4    prior order." DPP Mot. at 6.  The latter category appears to refer to deficiencies the Court

5    previously identified in the steel-buying claims, so DPPs essentially argue this discovery is

6    justified by claims in their now-dismissed First Amended Complaint.

7        Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery

8    related to dismissed claims.  Once a court has found a plaintiff's complaint deficient under Rule 8,

9    that plaintiff is no longer entitled to plausibility discovery.[1]  See Ashcroft v. Iqbal, 556 U.S. 662,

10   686 (2009); see also Mujica v. AirScan Inc., 771 F.3d 580, 593 n.7 (9th Cir. 2014).  To satisfy

11   Rule 8 and survive a motion to dismiss, a complaint must plead "sufficient factual matter,

12   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678–79

13   (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  By granting the Defendants'

14   Motions to Dismiss, this Court found DPPs' original and amended Complaints deficient under

15   Rule 8.  See id. at 679 ("only a complaint that states a plausible claim for relief survives a motion

16   to dismiss").  Therefore, DPPs are no longer entitled to plausibility discovery based on those

17   claims.  See id. at 686; see also Mujica, 771 F.3d at 593 n.7.

18       DPPs make several arguments in opposition to this straightforward conclusion, but their

19   attempts to distinguish Iqbal and Mujica are unavailing.  In particular, they assert that this Court

20   has discretion to permit discovery before resolving motions to dismiss, DPP Reply at 3, but this

21   argument misses the point.  Regardless of whether this Court could grant discovery based on a

22   complaint subject to a pending motion to dismiss, it cannot grant discovery based on a complaint

23   that has already been dismissed.  It is not necessary to address whether discovery based on a SAC

24   would be appropriate while a motion to dismiss the SAC was pending.

25

26

27
28
[1] As distinguished from jurisdictional discovery, which the Ninth Circuit does allow.  See, e.g., Intercontinental Indus. Corp. v. Wuhan State Owned Indus. Holdings Co., Ltd., 619 F. App'x. 592, 595 (9th Cir. 2015).

United States District Court
Northern District of California

**A.      The precedent DPPs cite fails to distinguish this case from <u>Iqbal</u> and <u>Mujica</u>.**

DPPs first cite <u>Kendall v. Visa U.S.A., Inc.</u>, 518 F.3d 1042 (9th Cir. 2008).  DPP Reply at 3.  In that case, the Ninth Circuit did approve of a district court decision in the antitrust context allowing the plaintiffs some discovery after dismissing their complaint pursuant to Rule 12(b)(6) with leave to amend.  <u>Kendall</u>, 518 F.3d at 1046, 1051.

<u>Kendall</u> does not support DPPs' request because it predates <u>Iqbal</u>, <u>Mujica</u>, and the 2015 Rules amendment.  It is not clear whether the District Court in <u>Kendall</u> granted the discovery request because it was relevant to previously dismissed claims, as opposed to the subject matter of the case.  <u>Id.</u>  But even assuming it did, <u>Iqbal</u> and <u>Mujica</u> prohibit that result today.  <u>See Iqbal</u>, 556 U.S. at 686 (explaining that a complaint deficient under Rule 8 "is not entitled to discovery, cabined or otherwise."); <u>see also Mujica</u>, 771 F.3d at 593 n.7 ("To the extent that any . . . decision[ ] suggests that courts retain discretion to permit discovery whenever a plaintiff has failed to satisfy Rule 8's plausibility standard, it is simply incompatible with <u>Iqbal</u> and <u>Twombly</u>.").

DPPs seek to distinguish <u>Kendall</u> from <u>Iqbal</u> in two ways.  First, they point to the differing contexts of the two cases.  <u>See</u> DPP Reply at 3 ("[<u>Kendall</u>] is often cited in the antitrust context . . . .").  <u>Iqbal</u> was indeed a discrimination case, but that distinction makes no difference here.  <u>See</u> 556 U.S. at 666.  There, the respondent argued the pleading standard as established in <u>Twombly</u> should be <u>limited</u> to antitrust cases.  <u>Id.</u> at 684.  The Supreme Court made clear that under their interpretation of <u>Twombly</u>, discovery cannot be granted based on a deficient complaint, no matter the context.  <u>See id.</u> at 684, 686.  Further, whatever the Ninth Circuit's interpretation of <u>Twombly</u> in <u>Kendall</u>, their language in <u>Mujica</u> is unmistakable.  <u>See</u> 771 F.3d at 593 n.7.

At least one other court has agreed with this interpretation under similar circumstances.  <u>See Persian Gulf Inc. v. BP West Coast Prods. LLC</u>, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016) ("The unambiguous directive in <u>Iqbal</u> and <u>Mujica</u> does not allow the court discretion to order pre amendment plausibility discovery.").  There, the plaintiff requested "<u>limited</u> plausibility discovery" prior to filing an amended complaint.  <u>Id.</u> at 1179 (emphasis added).  DPPs attempt to distinguish that case and <u>Mujica</u> by describing the discovery as "undefined and not targeted in any

United States District Court
Northern District of California

1    meaningful way." DPP Reply at 4.  However, that was not the grounds for the court's decision.

2    Id. at 1180.  Instead, it found the plaintiffs were simply "not entitled to pre-amendment

3    plausibility discovery," no matter how limited the request.  See id.  Similarly, Mujica contains no

4    language suggesting the scope of the discovery request has any effect on the court's discretion

5    when the claim has already failed to satisfy Rule 8.  See 771 F.3d at 593 & n.7.

6         Second, DPPs seek to distinguish Iqbal by citing Mendia v. Garcia, No. 10-cv-03910-MEJ,

7    2016 WL 3249485, at *3 (N.D. Cal. Jun. 14, 2016), in which another court in this district agreed

8    that Iqbal did not mandate a stay of discovery before resolving matters of qualified immunity.

9    DPP Reply at 4.  That case is inapposite here because there the plaintiffs' third amended complaint

10   had survived the defendants' Motions to Dismiss, so the discovery was not based on a dismissed

11   claim.  See Mendia, 2016 WL 3249485, at *1.  In another case DPPs cite, the plaintiff's complaint

12   also survived motions to dismiss before discovery was granted, distinguishing it from this case.

13   DPP Mot. at 6; See In re Plastics Additives Antitrust Litig., No. Civ.A. 03-2038, 2004 WL

14   2743591, at *2 (E.D. Pa. Nov. 29, 2004).

15        DPPs rely on only two additional cases: In re Lithium Ion Batteries Antitrust Litigation,

16   No. 13-MD-02420 YGR, 2013 WL 2237887 (N.D. Cal. May 21, 2013), and In re Flash Memory

17   Antitrust Litigation, No. C 07-0086 SBA, 2008 WL 62278 (N.D. Cal. Jan. 4, 2008).  DPP Mot. at

18   6.  The procedural postures of these cases render them distinguishable.  Both are antitrust cases in

19   which the plaintiffs requested some discovery before filing initial consolidated complaints.

20   Lithium Ion, 2013 WL 2237887, at *1; Flash Memory, 2008 WL 62278, at *1.  The court in Flash

21   Memory denied the motion because it had previously cancelled all the independent actions.  See

22   2008 WL 62278, at *1, *5.  It recognized that "[d]iscovery in the absence of any operative

23   pleading . . . does not fit easily within the framework established by the Federal Rules."  Id. at *5.

24        The court in Lithium Ion allowed discovery based on relevance to the "more than 70

25   [independent] complaints on file," which had not been cancelled and were not subject to any

26   motions to dismiss.  See 2013 WL 2237887, at *2–3.  That circumstance is manifestly different

27   from the one here, where the complaints have already been dismissed and are therefore subject to

28   the prohibitions mandated by Iqbal and Mujica, described above.

**B.      The 2015 amendment to Rule 26(d)(2) does not overrule <u>Mujica</u>.**

DPPs assert that the 2015 amendment to Rule 26(d)(2), which allows a party to deliver a Rule 34 discovery request more than twenty-one days after a summons and complaint are served and before the first Rule 26(f) conference, means this Court must be able to allow discovery before deciding a motion to dismiss.  DPP Reply at 3.  As stated above, this Court may have such discretion; the issue is whether this Court has discretion to allow discovery based on a complaint already found to be deficient.  Nothing in the amended Rule 26(d)(2) indicates this is the case.

**C.      A discovery stay does not necessitate discovery discretion.**

DPPs' final argument is that a stay would be unnecessary if discovery could not be granted prior to resolution of a motion to dismiss, and since the Defendants sought a stay, they recognized this Court's discretion to grant such discovery.  DPP Reply at 3.  As indicated above, that may have been true when this Court ordered the stay, but the situation is different now that both sets of complaints have been dismissed.

## IV.      CONCLUSION

For the foregoing reasons, the motion to lift the discovery stay is DENIED.  The deadline for DPPs and IPPs to file their Second Amended Complaints is now June 26, 2020.

**IT IS SO ORDERED.**

Dated:     June 6, 2020



_____
CHARLES R. BREYER
United States District Judge